048406/13340/JAF/ZV

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN TATE,<br><br>                Plaintiff,<br><br>v.<br><br>JERRY WASHINGTON, Individually, and BEHNKE DEDICATED & LOGISTICS, INC., a Corporation,<br><br>                Defendants. | Case Number: 1:21-cv-2547 |

## NOTICE OF REMOVAL

NOW COMES Defendants, JERRY WASHINGTON and MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE DEDICATED & LOGISTICS, INC., by and through their attorneys, James A. Foster and Zach R. Vojslavek, of CASSIDAY SCHADE LLP, and for their Notice of Removal, pursuant to 28 U.S.C. § 1446, state as follows:

### Background and State Court Procedural Posture

1. Plaintiff, KEVIN TATE, filed his initial complaint in the Circuit Court of Cook County on March 18, 2021. *See* Complaint at Law, attached as ***Exhibit A***. The Complaint makes allegations against (1) JERRY WASHINGTON and (2) MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE DEDICATED & LOGISTICS, INC. as Defendants.

2. Plaintiff's Complaint at Law sounds in negligence and is based on an alleged automobile accident that occurred on March 23, 2020 at or near the intersection of Ruble Street and Canalport Avenue in the City of Chicago, Cook County, Illinois. (Ex. A at ¶ 1). As a result

of the alleged accident, Plaintiff alleges that he sustained damages including "personal and pecuniary injuries." (Ex. A at ¶ 6).

3. Plaintiff served JERRY WASHINGTON on April 16, 2021. *See* Proof of Service, attached as ***Exhibit B***. Plaintiff has not yet served MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE DEDICATED & LOGISTICS, INC. However, MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE DEDICATED & LOGISTICS, INC., has agreed to waive service and consents to this Notice of Removal.

**I. This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332**

4. Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (1) complete diversity of the Parties; and (2) more than $75,000 in controversy alleged.

5. First, there is complete diversity of parties, Plaintiff is a citizen of Illinois. *See* Illinois Traffic Crash Report, attached as ***Exhibit C***.

6. Defendant, JERRY WASHINGTON, is a citizen of the State of Michigan. (Ex. C).

7. Defendant, MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE DEDICATED & LOGISTICS, INC., is a Michigan corporation with its principal place of business in Michigan. *See* Michigan Licensing and Regulatory Affairs Corporation Filing Summary for Mac. R. Behnke Rentals, Ltd., attached as ***Exhibit D***.

8. As such, MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE DEDICATED & LOGISTICS, INC. is a citizen of Michigan for the purposes of Federal Diversity Jurisdiction.

9. Accordingly, there is complete diversity of all parties in this matter. As noted, Plaintiff is a citizen of Illinois and all named Defendants are citizens of Michigan.

10. Second, this matter involves an amount in controversy in excess of $75,000. In his Complaint at Law, Plaintiff claims that he sustained personal and pecuniary injuries as a result of the alleged motor vehicle incident. (Ex. A at ¶ 6).

11. Because Illinois does not require a party to plead a maximum amount of damages in a state law negligence case, the Plaintiff claimed only that his damages *are greater than* $50,000.00 in his underlying State Court Complaint rather than pleading a maximum value. *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

12. However, Plaintiff has previously represented that it is likely that future medical treatment will be provided.

13. Given that Plaintiff already attested that his damages *are greater than* $50,000.00, and the fact that Plaintiff claims that he will likely incur future medical treatment, there is more than $75,000.00 in controversy in this matter. *See* 28 U.S.C. § 1446(c)(2)(B).

14. Accordingly, this lawsuit meets both of diversity jurisdiction's elements: (1) complete diversity of parties and (2) more than $75,000 alleged in controversy.

15. Next, venue is proper in this judicial district. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Plaintiff's Complaint at Law alleges that his injuries stem from a motor vehicle collision that occurred in the City of Chicago, State of Illinois. (Ex. A at ¶ 1). Accordingly, a substantial portion of the events giving rise to this accident occurred in Cook County, Illinois. Cook County, Illinois is located in the Northern District of Illinois, Eastern Division. Therefore, this litigation's proper venue is the Northern District of Illinois, Eastern Division.

**II.     Defendants Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446**

16.     Defendants timely filed their Notice of Removal. Pursuant to 28 U.S.C. § 1446(b)(2)(B), a party seeking removal must file notice "within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

17.     Defendant, JERRY WASHINGTON, is the only Defendant to receive a copy of the lawsuit and received the Complaint at Law on April 16, 2021. Accordingly, Defendants have thirty (30) days from April 16, 2021 to file their notice of removal, or more particularly, Defendants have until May 16, 2021 to file their notice of removal. As this Notice is filed prior to that date, Defendants have satisfied the requirement for timely filing Notice of Removal pursuant to 28 U.S.C. § 1446(b)(2)(B).

18.     Furthermore, 42 U.S.C. § 1446(b)(2)(A) provides that all properly served and joined Defendants must consent to removal. As this Notice is being filed on behalf of each Defendant, all Defendants consent to removal.

19.     Therefore, Defendants have satisfied all requirements for removing this action to Federal Court. 28 U.S.C. § 1446(b)(2)(A)-(C).

20.     Because this lawsuit meets the requirements for diversity jurisdiction, and Defendants have timely filed and served their Notice of Removal, this instant lawsuit qualifies for removal to Federal Court. Therefore, Defendants request this lawsuit's removal from Cook County Circuit's Court's Law Division to the United States District Court for the Northern District of Illinois, Eastern Division

WHEREFORE, Defendants, JERRY WASHINGTON and MAC R. BEHNKE RENTALS, LTD. d/b/a BEHNKE DEDICATED & BEHNKE LOGISTICS incorrectly named as BEHNKE

4

DEDICATED & LOGISTICS, INC., respectfully requests this cause of action be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

    Respectfully submitted,

    CASSIDAY SCHADE LLP

    By: /s/ *Zach R. Vojslavek*

    Attorneys for Defendants, Jerry Washington and Marc R. Behnke Rentals, Ltd. d/b/a Behnke Dedicated & Behnke Logistics, incorrectly named as Behnke Dedicated & Logistics, Inc.

James A. Foster / ARDC No. 6185413
Zach R. Vojsalvek / ARDC No. 6327741
CASSIDAY SCHADE, LLP
222 W. Adams Street, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
jfoster@cassiday.com
zvojslavek@cassiday.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2021, I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case. A copy was also sent via email to the only attorney of record with an appearance on file on the Cook County Docket:

Scott Wolfman
D&W Law Group, PC
641 W. Lake Street, #400
Chicago, IL 60661
kumri@wolfmanlaw.com

Furthermore, the Defendant has placed a copy of this removal notice for filing with the Clerk of the Cook County Circuit Court.

/s/ *Zach R. Vojslavek*